

**SIGNED this 18 day of May, 2007.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| In re: | No. 05-16247 |
| | Chapter 7 |
| CYNTHIA ANN JAMES, | |
|     Debtor, | |
| JEFFERY PAUL MEEKS, | |
|     Plaintiff, | |
| v. | Adv. Proc. No. 06-1009 |
| CYNTHIA ANN JAMES, | |
|     Defendant. | |

Appearances:   Keith S. Smartt, McMinnville, Tennessee, for the Plaintiff, Jeffery Paul Meeks

James S. Stephens, Manchester, Tennessee, for the Defendant, Cynthia Ann James

The Honorable R. Thomas Stinnett, United States Bankruptcy Judge

**MEMORANDUM OF LAW**

Jeffery Paul Meeks (hereinafter "Meeks") filed a complaint against the debtor, Cynthia Ann James (hereinafter "James"), seeking to have a judgment entered in his favor against James declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). Meeks obtained a judgment against James in an adversary proceeding initiated in this court in Meeks's earlier bankruptcy case. The parties agree that a trial is unnecessary since the relevant facts which were before the court in the previous adversary proceeding are applicable in this proceeding; therefore, the matters for the court to decide are legal issues. The parties herein have stipulated that the court may take judicial notice of the proceedings in *Jeffery Paul Meeks v. Citizens Tri-County Bank, Cynthia James, Ralph Rieben, Bonnie Rieben, Lucy Parsons and William Trey Anderson, III*, Adversary Proceeding No. 04-1172 (hereinafter "Previous Adversary"). According to the stipulation filed by the parties, the court's judicial notice extends to all matters presented in the previous adversary proceeding, including the pleadings, testimony of witnesses, the court's findings of fact and conclusions of law, as well as the judgment. Among other issues, the previous adversary addressed whether James violated the automatic stay of 11 U.S.C. § 362(h) during an altercation at Meeks's residence after Meeks advised James that he had filed a bankruptcy petition. James has now filed her own bankruptcy petition, and Meeks asks this court to determine that the money judgment for punitive and compensatory damages that he obtained against James in the previous adversary constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

§ 523(a)(6) excepts from a debtor's discharge those debts incurred "for willful and malicious injury by the debtor to another entity or to the property of another entity."

In *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), the Supreme Court declared that a finding of willful and malicious injury requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." 523 U.S. at 61, 119 S.Ct. 974. The Sixth Circuit has held that "unless 'the actor desires to cause consequences of his act, or . . . believes that the consequences are substantially certain to result from it,' he has not committed a "willful and malicious injury' as defined under § 523(a)(6)." *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 464 (6th Cir. 1999)(citations omitted). The debt "must be for an injury that is both willful and malicious. The absence of one creates a dischargeable debt." *Id.* at 463. The emphasis, according to *Markowitz*, is on the subjective nature of the malicious intent and courts must look into the debtor's mind, subjectively, "to find that a debtor intended to cause the consequences of his act or believed that the consequences were substantially certain to result from his act." *Monsanto Co. v. Wood (In re Wood)*, 309 B.R. 745, 753 (Bankr. W.D. Tenn. 2004).

The transcript of the findings of fact and conclusions of law from the previous adversary proceeding includes the following:

> It is apparent to this Court that these two women attempted to take matters in their own hand and avoid the automatic stay imposed by the bankruptcy. This is an egregious case involving a loaded weapon. I do find that Ms. James and Ms. Parsons, acting in concert and through their joint venture to obtain this property, have violated the automatic stay purposefully and willfully.

Transcript of Findings of Fact and Conclusions of Law at 16 .

Also, paragraph 8 of the Judgment in the previous adversary, prepared by counsel for

Meeks and entered by the court on August 24, 2005, sets forth the following:

> 8) The Court having found that the acts of Defendants Cynthia James and Lucy Parsons constituted willful and knowing violations of the Automatic Stay pursuant [to] § 11 USC 362(h) a Judgment for actual damages in favor of Plaintiff, Jeffery Meeks, against Defendants Cynthia James and Lucy Parsons jointly and severally in the amount of $4,615.00 is hereby awarded.  The Court having further found that the Defendants Cynthia smartt [sic] James and Lucy Parsons actions constituted an egregious violation of the Automatic Stay pursuant to §11 U.S.C. 362(h) and having found it appropriate to award punitive damages hereby awards Judgment in favor of Plaintiff, Jeffery Paul Meeks, for punitive damages in the amount of $9,230.00 jointly and severally against Defendants Cynthia James and Lucy Parsons resulting in a total Judgment of $13,845.00 plus costs for which execution may issue.

Accordingly, the record in the previous adversary proceeding reflects a specific finding by the court, for purposes of 11 U.S.C. § 523(a)(6), of a willful and malicious injury inflicted upon Meeks by James.

Moreover, both compensatory and punitive damages are subject to findings of non-dischargeability under § 523(a)(6); there is no distinction between the types of damages. Rather, "[t]he statutory exception which measures non-dischargeability '. . . is measured by the nature of the act, *i.e.*, whether it was one which caused willful and malicious injuries. All liabilities resulting therefrom are non-dischargeable.'"  *Hardin v. Caldwell (In re: Caldwell)*, 60 B.R. 214, 219 (Bankr. E.D. Tenn. 1986)(*quoting Coen v. Zick*, 458 F.2d 326,

329-30 (9th Cir. 1972)). Therefore, the entire judgment debt owed by James to Meeks constitutes a non-dischargeable debt. The court will enter a separate order contemporaneously herewith.

# # #